# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-CV-1665

EDUARDO HERNANDEZ,

    Plaintiff,

v.

AD ASTRA RECOVERY SERVICES, INC., a Kansas Corporation,

    Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Eduardo Hernandez (the "**Plaintiff**"), an individual consumer, against AD Astra Recovery Services, Inc., a Kansas Corporation (the "**Debt Collector**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the County of Parmer, State of Texas. Plaintiff lived in the County of Denver, State of Colorado, at the time the events in question occurred.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Kansas Corporation that does business in the State of Colorado.

7. The Debt Collector has a place of business 7330 West 33rd Street North, Suite 118, Wichita, Kansas 67205.

8. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

9. The Debt Collector is engaged in a business the principal purpose of which is the collection of debts.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

12. On March 6, 2017, and prior occasions, the Debt Collector sent dunning notices to Plaintiff on a debt that the Debt Collector had acquired from Speedy Cash (the "**Debt**").

13. The Debt is an obligation that was incurred primarily for personal, family, or household purposes.

14. The Debt Collector is pursuing the wrong Eduardo Hernandez; the debt in question does not belong to Plaintiff. The Debt Collector and their counsel has been made aware of this fact.

2

15. Plaintiff is not the consumer with respect to the Debt.

16. The Debt Collector has communicated false creditor information concerning the Debt to Plaintiff, i.e. that he owes the Debt.

17. The Debt Collector has threatened to take further collection action against Plaintiff that cannot be taken because he does not owe the Debt.

18. The Debt Collector has used false, deceptive, and misleading representations in the connection with the collection of the Debt. Specifically, the Debt Collector has alleged that Plaintiff owes a debt that he does not owe.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

19. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

20. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

21. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5)

22. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

23. As detailed above, the Debt Collector communicated with an individual other than the debtor in connection with the collection of a debt, in violation of 15 U.S.C. § 1692c(b).

24. As detailed above, the Debt Collector attempted to collect a debt from Plaintiff that they knew was not his, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

25. As detailed above, the Debt Collector threatened to report a defaulted debt on Plaintiff's credit report, in violation of to 15 U.S.C. § 1692e(8).

26.     As detailed above, the Debt Collector threatened to resume collection efforts against Plaintiff, in violation of 15 U.S.C. § 1692e(5).

27.     The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

28.     Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

29.     Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eduardo Hernandez prays for relief and judgment against the Debt Collector as follows:

1.     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2.     Enjoining the Debt Collector from the illegal collection of debts;

3.     Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4.     Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5.     Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 10, 2017

                                          Respectfully submitted,

                                        /s/ Katherine Russell
                                        Daniel J. Vedra
                                        Katherine Russell
                                        Vedra Law LLC
                                        1435 Larimer St. Suite 302
                                        Denver, CO 80202

Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com